EXECUTORS AND ADMINISTRATORS (§ 509*)—ACCOUNTING—JUDICIAL SETTLEMENT—DECREE—MODIFICATION—"OTHER SUFFICIENT CAUSE."

    Where a decree settling an estate declared that vouchers had been filed showing payment of all debts by the heir, and it was ordered that her bond to pay the debts to prevent the sale of real property be canceled, and the sureties discharged, subsequent proof that one of the debts against the estate had not been paid or considered in the settlement was "other sufficient cause" for modification of the decree, under Code Civ. Proc. § 2481, subd. 6, authorizing the surrogate to modify or vacate a former decree for fraud, newly discovered evidence, clerical

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

error, or other sufficient cause, whether the omission was intentional or otherwise.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2199–2219, 2233, 2234; Dec. Dig. § 509.* For other definitions, see Words and Phrases, vol. 6, p. 5101.]

Judicial settlement of the estate of James Henry, deceased. Application for an order modifying a decree discharging the heir and her sureties from liability on her bond to pay debts. Granted.

James T. Cross, of Rome, for petitioner Rome Daily Sentinel Co. M. H. Powers, of Rome, for Ida McCale.

SEXTON, S. Maud Henry, the administratrix of this estate, on October 27, 1911, petitioned this court for leave to sell real estate for the payment of debts and funeral expenses of the deceased, which proceedings were abated by the giving of a bond by Ida McCale, an heir at law, which provided for the payment of all the debts, legacies, and expenses of administration, which bond was filed December 19, 1911. On February 19, 1912, the administratrix duly filed her account and took proceedings resulting in a decree of judicial settlement filed March 23, 1912, which provided:

"That said Ida McCale within 10 days from the service upon her of a certified copy of this decree, with notice of entry thereof, pay to the following named persons the several amounts hereinafter stated which are hereby allowed and fixed as legal claims against the estate of said James Henry as set forth in the account of said administratrix filed herein."

Among the claims referred to is the following:

"Rome Daily Sentinel Co., $13.25."

Said decree also contained this provision:

"It is further ordered, adjudged, and decreed that, upon filing with the surrogate of Oneida county vouchers showing the payment of said amounts to the persons hereinbefore stated, then and in that event the bond given by the said Ida McCale for the payment of the debts, legacies, and expenses of administration shall be null and void and the sureties thereon discharged from any and all further liability thereupon."

The bond referred to in the foregoing paragraph of said decree contained this provision:

"The condition of this obligation is such that if the above-named Ida McCale, heir at law of James Henry, deceased, will pay all of the debts, legacies, and expenses of administration so far as the goods, chattels, and credits of the said James Henry, deceased, are insufficient therefor within such time as the surrogate may direct and obey all lawful directions of the said surrogate touching said matters whenever required so to do by the said surrogate or by any court of competent jurisdiction, then this obligation to be void, otherwise to remain in full force and effect and virtue."

Said decree of judicial settlement also contained the closing paragraph:

"And it appearing that said above-named vouchers are herewith filed, and said indebtedness has been paid and, discharged by said Ida McCale, it is ordered that the bond given by the said Ida McCale is hereby discharged and canceled and the liability of the sureties thereon canceled and discharged."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On May 11, 1912, the Rome Daily Sentinel Company, a claimant in the amount of $13.25, as aforesaid, petitioned this court for an order modifying said decree by striking therefrom the said closing paragraph, on the ground that said claim had not then been paid, although duly demanded, as required by the provisions of said decree of judicial settlement.

A hearing was had and evidence taken which showed that the claimant, Rome Daily Sentinel Company, had not been represented by attorney prior to the time of its application for modification of said decree, and that no person, so far as the record discloses, was authorized to receive said $13.25 for said company. On the hearing no claim was made by said Ida McCale through her attorney that said claim had been paid directly to said Rome Daily Sentinel Company. It was urged by her, however, that it had been included in a settlement made between her and the administratrix of the estate, Maud Henry, the latter of whom was represented by attorney James T. Cross.

Upon the evidence before me, I hold and decide that the claim of $13.25 in favor of the Rome Daily Sentinel Company was not paid to said attorney James T. Cross, and at the time of the settlement between him as attorney for said Maud Henry and Mr. M. H. Powers as attorney for said Ida McCale the Rome Daily Sentinel Company was not represented, and that its bill was not included in said settlement, nor was it intended to be included, nor was it mentioned at all in said settlement, nor has any voucher, signed by Rome Daily Sentinel Company, nor any one in its behalf, been filed in this court, as required by the provisions of said decree, showing that its claim has been paid. It therefore follows as a matter of fact that the last provision of said decree which it is sought to have stricken out was not true at the time that it was made a part of said decree.

Section 2481, subd. 6, of the Code of Civil Procedure, confers jurisdiction upon the surrogate "to open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." It is not contended that any fraud has been perpetrated, nor that any new evidence has been discovered, nor that a clerical error was made, so that, if the relief asked for is granted, it must be under the clause—"or other sufficient cause." "Other sufficient cause" has been construed to mean a cause kindred to those specified in the section. An untrue statement in a decree, whether intentional or not, if it works an injury, is kindred to a fraud, and, as I view it, justifies a modification of a decree containing it. It is true that the decree has this indorsement: "O. K. James T. Cross, Atty. for Admrtx." The Rome Daily Sentinel Company, however, not having been represented by Mr. Cross, is not bound by his approval of the decree.

An order may therefore be entered modifying said decree by striking therefrom the said last provision thereof, and, as so modified, it may stand as the decree of judicial settlement herein.

Decreed accordingly.